# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | REBECCA R. PALLMEYER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9504 | **DATE** | December 10, 2012 |
| **CASE TITLE** | Eugene Wright (#B-09564) vs. People of the State of Illinois, et al. | | |

**DOCKET ENTRY TEXT:**

Petitioner is granted thirty days in which either to file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C.§ 1915(a)(2) or pay the full $350 civil filing fee. The Clerk is directed to send Petitioner an *i.f.p.* application along with a copy of this order. Failure of Petitioner to comply within thirty days of the date of this order will result in summary dismissal of this case. Petitioner is advised that he must provide the court with the original plus a judge's copy of every document filed.

■ **[For further details see text below.]**      **Docketing to mail notices.**

## STATEMENT

    Petitioner, an Illinois state prisoner, has filed a *pro se* mandamus petition purportedly pursuant to 735 ILCS 5/14-101. Although the grounds for the petition are not entirely clear, Petitioner seeks an order compelling the judge who presided over the state criminal proceedings to grant Petitioner a new trial.

    Petitioner has failed either to pay the statutory filing fee or to file a petition for leave to proceed *in forma pauperis*. The Prison Litigation Reform Act requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed. In all prisoner civil lawsuits, the court must assess an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). The court will direct correctional officials to deduct the initial filing fee payment directly from Petitioner's trust fund account. Thereafter, correctional authorities having custody of Petitioner will be authorized and ordered to make monthly payments to the court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

    To enable the court to make the necessary assessment of the initial partial filing fee, Petitioner must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Therefore, **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

if Petitioner wishes to proceed with this case by making installment payments instead of paying the full filing fee in advance, he must file an *in forma pauperis* application on the form required by the rules of this court, together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the past six months [that is, from May 28, 2012, through November 28, 2012].

Petitioner must, within thirty days, **either** file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C. § 1915(a)(2) **or** pay the full $350 filing fee. The Clerk will furnish Petitioner with an *in forma pauperis* application along with a copy of this order. Failure of Petitioner to comply within thirty days of the date of this order will result in summary dismissal of this case.

Petitioner is encouraged to perform some basic legal research prior to deciding whether to pursue this matter. Under 28 U.S.C. § 1361, district courts have jurisdiction in the nature of mandamus to compel an officer or employee of the United States and federal agencies to perform a duty owed to the plaintiff. A mandamus action against a state official would belong in state court. Furthermore, as a general rule, the only avenue for challenging a state conviction in federal court is by way of a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Among other prerequisites, habeas petitioners are required to exhaust state court remedies before seeking relief in federal court. As Petitioner is currently confined at Stateville's Reception and Classification Center, it would seem that he has only recently been convicted and sentenced. Petitioner may therefore wish to consider filing an appeal and/or an appropriate action in the state court system rather than pursuing relief under the guise of a federal mandamus petition.

Finally, Petitioner is reminded that he is required to provide the court with the original plus a judge's copy of every document filed**.**